UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| Cheyenne Paige Wiler | ) CASE NO. 17-68562-LRC |
| | ) |
| | ) |
| DEBTOR. | ) |

**CHAPTER 13 TRUSTEE'S
OBJECTION TO CONFIRMATION & MOTION TO DISMISS**

COMES NOW Melissa J. Davey, Chapter 13 Trustee, and objects to confirmation of the plan and files this motion to dismiss under 11 U.S.C. Section 1307(c), for cause, including the following reasons:

1. Debtor failed to attend the 11 U.S.C. Section 341 hearing.

2. The plan as proposed will extend beyond sixty (60) months, contrary to 11 U.S.C. Section 1322(d).

3. The Debtor has failed to pay the Chapter 13 Plan payments to the Trustee as required by 11 U.S.C. Section 1326.

4. In accordance with General Order Nos. 18-2015 and/or 22-2017 and the Statement of Rights and Responsibilities, the Debtor's attorney should timely provide proof of Debtor's $1,350.00 per month rent income and $1,000.00 per month child support income to the Chapter 13 Trustee. 11 U.S.C. Sections 521(a)(1), 1325(a)(3), 1325(a)(6), 1325(b)(1)(B) and Bankruptcy Rule 1007.

5. The Trustee requests proof that Debtor has paid the post-petition mortgage payments for Debtor's residence in order to determine whether the Plan complies with 11 U.S.C. Sections 1325(a)(3) and 1325(b)(1)(B).

6. Pursuant to the Debtor's testimony at the meeting of creditors, the Debtor has been domiciled in Georgia for less than 730 days immediately preceding the filing of this case. Pursuant to the Debtor's testimony at the meeting of creditors, the exemptions should be claimed under Virginia law. The state statute exemptions utilized by the Debtor are in violation of 11 U.S.C. Section 522(b)(3).

7. The Chapter 13 Plan fails to treat the secured claim of Bridgecrest Credit Co., LLC in violation of 11 U.S.C. Sections 1322(a)(2) or 1325(a)(5).

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

8. The Debtor's Plan references an expense advance of $310.00, but neither the Plan nor the Rule 2016(b) Disclosure Statement identify the expense advanced. Further, the Plan makes the assumption such advance is approved by General Order 18-2015. The Trustee objects to the provision and Debtor's counsel should clarify what expense has been advanced.

WHEREFORE, Trustee moves this Honorable Court to inquire into the above objections at the separately scheduled and noticed confirmation hearing, deny confirmation of the Chapter 13 plan, dismiss the case, and for such other and further relief that this Court deems just and proper.

/s/ William A. Bozarth
William A. Bozarth
Attorney for Chapter 13 Trustee
GA Bar No. 940530

Melissa J. Davey, Chapter 13 Trustee
Suite 200 – 260 Peachtree Street, N.W.
Atlanta, Georgia 30303
(678) 510-1444

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 13 |
| Cheyenne Paige Wiler | ) | |
| | ) | CASE NO.: 17-68562-LRC |
| | ) | |
| DEBTOR. | ) | |

17-68562-LRC                **CERTIFICATE OF SERVICE**

This is to certify that I have this day served:

DEBTOR(S):
Cheyenne Paige Wiler
509 Vinings Pkwy
Smyrna, GA  30080

DEBTOR(S) ATTORNEY:
THE SEMRAD LAW FIRM, LLC
STERLING POINT II
SUITE 201
303 PERIMETER CENTER NORTH
ATLANTA, GA  30346

in the foregoing matter with a copy of this Objection to Confirmation & Motion to Dismiss by depositing in the United States Mail a copy of same in a properly addressed envelope with adequate postage thereon.

Friday, December 22, 2017

/s/
William A. Bozarth
GA Bar No. 940530
Attorney for Melissa J. Davey, Chapter 13 Trustee
260 Peachtree Street, NW, Suite 200
Atlanta, GA 30303
Telephone:   678-510-1444
Facsimile:    678-510-1450